**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 3 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WYLMINA ELIZABETH HETTINGA, | No. 19-55672 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00150-R-AFM |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| DOES, 1 to 10; WALTER P. HAMMON, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted October 26, 2020**

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Wylmina Elizabeth Hettinga appeals pro se from the district court's

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment in her 42 U.S.C. § 1983 action alleging claims arising from her divorce proceedings, as well as a tax refund claim resulting from the IRS's audit of her 2011-2013 tax returns. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (dismissal under the *Rooker-Feldman* doctrine); *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 478 (9th Cir. 2000) (summary judgment). We affirm.

The district court properly granted summary judgment on Hettinga's tax refund claim because Hettinga failed to raise a genuine dispute of material fact as to whether the IRS's tax assessment was incorrect. *See Ray v. United States*, 762 F.2d 1361, 1362 (9th Cir. 1985) (discussing requirements for a tax refund claim); *see also Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.").

The district court properly dismissed Hettinga's § 1983 claims for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because these claims amounted to a de facto appeal of prior state court orders. *See Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003) (discussing *Rooker-Feldman* doctrine).

The district court properly dismissed Hettinga's fraud claim because Hettinga failed to allege facts sufficient to satisfy the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (discussing heightened pleading standard under Rule 9(b)).

The district court did not abuse its discretion by dismissing defendant Pamela Kennedy under Federal Rule of Civil Procedure 41(b) because Hettinga failed to respond timely to the district court's order to show cause despite being warned failure to comply would result in Kennedy's dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (discussing standard of review and factors to consider in determining whether to dismiss under Rule 41(b) for failure to comply with a court order).

The district court did not abuse its discretion in denying Hettinga's motion to reconsider Kennedy's dismissal because Hettinga failed to set forth any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59 and 60).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

19-55672

Hettinga's motions (Docket Entry Nos. 45 and 60) to file her opening brief and selected excerpts of record from Appeal No. 18-56650, and to file her supplemental briefs at Docket Entry Nos. 57 and 76, are granted. Defendant United States of America's motion to file a response to Hettinga's supplemental brief (Docket Entry No. 72) is granted. The Clerk will file the supplemental briefs submitted at Docket Entry Nos. 53, 57, 69 and 76.

All other pending motions (Docket Entry Nos. 71, 74, 77, and 80) are denied.

**AFFIRMED.**